IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GLORIA D. COOKSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-12-553-D |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pursuant to 42 U. S. C. § 405(g), Plaintiff brought this action for judicial review of the final decision of Defendant Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for disability and supplemental security income benefits under the Social Security Act. The matter was referred to United States Magistrate Judge Gary M. Purcell for proceedings in accordance with 28 U. S. C. § 636(b)(1)(B) and (C).

On May 2, 2013, the Magistrate Judge filed a Report and Recommendation [Doc. No. 20] in which he recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

This Court's review of the Commissioner's decision is limited, as the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Bowman v. Astrue,* 511 F.3d 1270, 1272 (10th Cir. 2008); *Washington v. Shalala*, 37 F.3d

---

[1]Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, she is substituted for former Commissioner Michael J. Astrue as the defendant in this ation.

the *de novo* hearing on Plaintiff's 1437, 1439-40 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record," constitutes a mere conclusion, or amounts to no more than a mere scintilla. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

In this case, Plaintiff seeks a determination of disability based on several conditions, including osteoarthritis, sciatic nerve problems, Type II diabetes mellitus, vision problems, and high blood pressure. She is a high school graduate with vocational training in micro-computer technology. Until 2003, she worked as a telemarketer. She alleges that she became unable to work in 2003 at the age of 49.

Following the administrative denial of her application, an Administrative Law Judge ("ALJ") conducted a *de novo* hearing and, thereafter, issued a decision that Plaintiff does not qualify for disability benefits. In reaching that conclusion, the ALJ applied the five-step sequential analysis required by the Social Security Administration regulations, 20 C. F. R. § 404.1520. After concluding at the second step that Plaintiff has severe impairments due to bilateral osteoarthritis of the knees, hypertension, diabetes, obesity and stage two kidney disease, the ALJ concluded at the third step that these impairments did not satisfy or equal the requirements of an impairment deemed disabling *per se*. At step four, the ALJ determined the evidence showed that, despite her impairments, Plaintiff has the residual functional capacity ("RFC") to perform sedentary work requiring no more than occasional stair or ramp climbing or stooping, with limitations including no use of a ladder or rope, no climbing of scaffolding, and no balancing, kneeling, crouching, or

2

crawling. A vocational expert testified at the hearing that Plaintiff's previous telemarketer position was sedentary, semi-skilled work, and she had transferable work skills of customer service and selling, record keeping, computer data entry, and supervision. The vocational expert also testified that, based on her RFC with the limitations noted, Plaintiff is capable of performing jobs available in the national economy, including the positions of records clerk, telephone answering service, and clerical compiler. Based on the ALJ's assessment of all evidence in the record, she concluded that Plaintiff does not qualify for disability benefits.

In objecting to the Report and Recommendation, Plaintiff argues the Magistrate Judge erred in determining that the substantial evidence in the record supports the ALJ's conclusion. Specifically, she contends that the ALJ erred in assessing her credibility in light of the medical evidence. She further argues that the Magistrate Judge improperly went beyond the record by discussing medical evidence not expressly cited by the ALJ, thus resulting in an impermissible *post hac* justification for denying Plaintiff's application.

Plaintiff contends that the ALJ erred by concluding that Plaintiff's testimony regarding her physical limitations was not consistent with the medical evidence because the ALJ failed to cite with specificity the medical evidence underlying that conclusion. She argues the ALJ was required by the Social Security regulations to identify with specificity both Plaintiff's statements and the medical record which the ALJ found did not support some of her the statements. The Magistrate Judge noted, however, that, although these specific citations to the medical evidence were not included in the portion of the decision discussing Plaintiff's credibility, the ALJ cited the medical evidence which was discussed in detail in the previous portion of the decision. Furthermore, the ALJ noted that her medical history supports some of Plaintiff's statements regarding her limitations, but the

medical evidence established fewer limitations than were cited by Plaintiff. In doing so, the ALJ noted that medical evidence discussed in the decision lacked "clinical signs, symptoms, or laboratory findings" supporting Plaintiff's claimed restrictions on her daily activities. Decision at page 7, Transcript at page 16. That statement was preceded by the ALJ's discussion of Plaintiff's medical treatment and diagnoses, at pages 3 through 5 of the decision. Transcript at pages 12-14. That discussion supports a determination that Plaintiff has certain limitations. As the ALJ concluded, however, the cited medical evidence does not support Plaintiff's description of the severity of her limitations.

Having reviewed the record *de novo*, the Court concludes that the Magistrate Judge was correct in determining there was substantial evidence in the record to support the ALJ's finding, and there was no error of law in the determination that Plaintiff is not disabled within the meaning of the Social Security Act. Accordingly, the Report and Recommendation [Doc. No. 20] is adopted as though fully set forth herein. The decision of the Commissioner is affirmed.

IT IS SO ORDERED this 25th day of June, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE